NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISOME JOHNSON, | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | **OPINION** |
| v. | Civil Action No. 2:12-CV-2510(DMC) |
| UNITED STATES OF AMERICA, RONNIE R. HOLD, WARDEN USP ALLENWOOD | |
| Defendants | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon pro se Petitioner Isome Johnson's ("Johnson") motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds of ineffective assistance of counsel. (April 27, 2012, ECF No. 1). Johnson also filed a Motion to Strike the Government's Answer. (July 30, 2012, ECF No. 8). The Court has reviewed the submissions of the parties, and for the reasons set forth below, Johnson's requests for relief are **denied**.

I.   **FACTUAL BACKGROUND**

Johnson was arrested on July 29, 2008, pursuant to a criminal complaint charging him with distribution and possession with intent to distribute more than five grams of crack cocaine. In three separate transactions, on February 25, 2008, February 7, 2008, and February 19, 2008, Johnson sold crack cocaine to a confidential witness ("CW") in transactions that were video and audio taped. On March 4, 2009, Johnson plead guilty to a one-count Information charging him with distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C §

841(a)(1) and (b)(1)(C). Johnson was sentenced on June 29, 2009 to a term of 165 months. On July 9, 2009 Johnson filed an appeal, which was subsequently denied. On April 27, 2012, Johnson filed this Section 2255 petition.

II. **LEGAL STANDARD**

    A.    **28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 permits a court to vacate, correct, or set aside a sentence that was "imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the minimum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255. Section 2255 may not, however, "be employed to relitigate questions which were raised and considered on direct appeal." United States v. DeRewal, 10 F.3d 100, 105 n. 4 (3d Cir. 1993) (internal quotations omitted). In the event a petitioner does not raise a claim on direct appeal, it "may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003); but see, United States v. Rieger, 942 F.2d 230, 235 (3d Cir. 1991) (explaining "the failure to raise an ineffective assistance of counsel claim [under § 2255] on direct appeal should not be treated as procedural fault"). In addition, the Court is mindful that the papers of a pro se litigant, like Petitioner in this case, are held to less demanding standards than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007).

    B.  **Ineffective Assistance of Counsel**

In order to succeed on an ineffective assistance of counsel claim, Petitioner must establish that (1) counsel's performance was deficient and (2) this inadequate representation "prejudiced the

defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); Williams v. Taylor, 529 U.S. 362, 390–91 (2000); Jacobs v. Horn, 395 F.3d 92, 102 (3rd Cir. 2005). The yardstick for measuring any claim of ineffective assistance is whether counsel's decisions rendered the trial "fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993).

The clearly established federal law, as determined by the Supreme Court, is the standard for ineffective assistance of counsel as enunciated in Strickland v. Washington. Under Strickland, a petitioner seeking to prove a Sixth Amendment violation must demonstrate that his counsel's performance fell below an objective standard of reasonableness, assessing the facts of the case at the time of counsel's conduct. Strickland, 466 U.S. at 688–89; Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005). Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id.

A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." Id. at 689 (citations omitted); see also Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996), cert. denied, 519 U.S. 1020 (1996).

If able to demonstrate deficient performance by counsel, the petitioner must also show that counsel's substandard performance actually prejudiced his defense. See Strickland, 466 U.S. at 687. Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The reviewing court must evaluate the effect of any errors in light of the totality of the evidence. See id. at 695–96. Thus, the petitioner must establish both deficient performance and resulting prejudice in order to state an ineffective assistance of counsel claim. See id. at 697; see also Jacobs, 395 F.3d at 102.

## III. DISCUSSION

### A. STATUTE OF LIMITATIONS FOR SECTION 2255 CLAIMS

As a preliminary matter, the Government asserts that Johnson's Section 2255 petition is time-barred, as Johnson has failed to file his petition within the one-year statute of limitations period. (Gov't Opp. Br. 3, July 6, 2012, ECF No. 7). The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Tit. I, 110 Stat. 1217 ("AEDPA") took effect in April 1996. Under its terms, a defendant has one year within which to file a request for relief under Section 2255. 28 U.S.C. § 2255(f). The one-year period runs from the latest occurring of the following events:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the instant matter, no governmental action has impeded Johnson's ability to file his claim and no facts have been discovered that would support Johnson's claim. Johnson has not asserted a new right recognized by the Supreme Court and made applicable retroactively.

Therefore, the one-year time limitation here began to run on the date the judgment of conviction became final.

A federal prisoner's conviction becomes final when certiorari is denied or when the time for filing a petition for certiorari expires, which is ninety (90) days from the entry of judgment or denial of a rehearing petition. Clay v. United States, 537 U.S. 522, 525-32 (2003); Kapral v. United States, 166 F.3d 565, 571 (3d Cir. 1999). Johnson's writ of certiorari was denied on November 24, 2010, and thus his conviction became final on that date. Accordingly, the statutory period during which he could timely file his petition, ended on November 24, 2011. Therefore, his petition, filed on April 27, 2012, is untimely. Thus, Johnson's Section 2255 petition is **denied.**

### B. Johnson's Additional Claims

Johnson argues he was denied effective assistance of counsel because his counsel failed to argue the defense of entrapment. (Pet.'s Relief Aff. 6, Apr. 27, 2012, ECF No. 1). Johnson argued that his attorney, Mr. Carlucci, caused Johnson to relinquish rights or protections he was unaware he had and did not properly inform Johnson of the rules and procedures of court. (§ 2255 Petition 6). As detailed above, a petitioner who seeks to vacate his sentence must satisfy the two-pronged test detailed in Strickland, namely that a breach of duty has occurred and prejudice resulted from that breach. United States v. Nino, 878 F.2d 101, 103-104 (3d Cir. 1989). To minimize the distorting effects of hindsight, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001). The Third Circuit has "read Strickland as requiring the courts to decide first whether the assumed deficient conduct of counsel

5

prejudiced the defendant." McAleese v. Mazurkiewicz, 1 F.3d 159, 170-71 (3d Cir. 1993) (citations omitted). In order to demonstrate prejudice has occurred, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability "requires more than a showing of a theoretical possibility that the outcome was affected." Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992).

Johnson asserts that his counsel of record, Kevin F. Carlucci, was ineffective for failing to argue the defense of entrapment. (§ 2255 Petition 6, April 27, 2012, ECF No. 1). A movant "cannot meet his burden to show that counsel made errors so serious that his representation fell below an objective standard of reasonableness based on vague and conclusory allegations." Zettlemoyer v. Fulcomer, 923 F.2d 284, 298-301 (3d Cir. 1991). Johnson makes only vague assertions that "Carlucci knew [affirmative defenses] existed for his client, yet failed to extend any" and "Carlucci, knew and did have knowledge that United States Attorneys were prohibited [from] bringing case matter into a United States District Court, absent evidence to substantiate [a] claim for the United States." (§ 2255 Petition 6). Johnson concedes that he did in fact commit the crimes charged in the Information, but that he was entrapped into doing so. "Entrapment is a 'relatively limited defense' that may defeat a prosecution only 'when the Government's deception actually implants the criminal design in the mind of the defendant." United States v. Montgomery, 336 Fed. Appx. 221, 224 (3d Cir. 2009) (citations omitted). When determining whether an individual is predisposed to commit an offense the following factors are considered: "the character or reputation of the defendant, including any prior criminal record; whether the suggestion of the criminal activity was initially made by the Government; whether the defendant

6

was engaged in the criminal activity for profit; whether the defendant evidence reluctance to commit the offense, overcome only by repeated Government inducement or persuasion; and the nature of the inducement or persuasion supplied by the Government." United States v. Fedroof, 874 F.2d 178, 183 (3d Cir. 1977). Johnson has multiple felony convictions for distributing illegal drugs. In the conviction at issue here, Johnson was recorded through audio and video selling quantities of crack cocaine to a CW on three separate occasions. Johnson offers no evidence or facts to support his assertion that his counsel was ineffective for failing to raise this defense nor that there is a reasonable probability that the result of the proceeding would have differed had Johnson's counsel asserted the entrapment defense. The decision by Johnson's trial counsel not to raise arguments advanced by Johnson in the instant petition did not fall below the standard of reasonableness expressed in Strickland, nor has it been demonstrated the outcome would have been different if the defense raised. Accordingly, Johnson's argument as to ineffective assistance of counsel is dismissed.

    Further, the Court is in the possession of Johnson's July 30, 2012 Motion to Strike the Government's Answer. (ECF No. 8). The Court will deny this motion, as Johnson failed to advise the Court as to how he wanted to proceed within forty-five (45) days in accordance with the Court's May 22, 2012 letter order. Therefore, the Court has treated the petition filed April 27, 2012 as a Section 2255 petition.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Section 2255 petition is **denied** in its entirety. (ECF No. 1). Further, Petitioner's Motion to Strike the Government's Answer is **denied**. (ECF No. 8).

Dennis M. Cavanaugh, U.S.D.J

Date: May 9, 2013
cc: All Counsel of Record